This bill is brought for a discovery by defendants .oath, whether* it was not expressly understood by Idm, that a certain quantity of goods, consigned to him by complainant, were to be sold on a commission of seven and a half per cent; and whether the amount sales, if sold on a credit by defendant, were not to be guaranteed by and not sold at his (the complai-him to complainant, •nant’s) risk. denies that the goods were taken by him at liis risk, The defendant in his answer positively be sold by him on commissions complainants. His book in which the original entry or account; or that he was to garantee the payment of the amount sales; but insists they were received and to at the sole risk of the of the transaction was made was produced, which corroborated his answer. There was only one witness produced in support of the charge in the bill, who swore that the complainant directed the goods to be sold for cash, or if on a credit, defendant must have the money ready for .them when he returned; and it was also agreed, that if defendant guaranteed, he was to be allowed seven and one half per cent; he also swore that the last goods were delivered on the same terms as the former parcels were. It is the invariable law of this court that as the defendant is compelled to answer on oath the charges of the bill, Ms answer must be taken to be trae, xinless contradicted by the positive testimony of two witnesses, or the testimony of one witness, with strong circumstances. The defendant having positively denied the charge against him, and supported such denial by the evidence ox Ms book containing the original entry made at the time of the agreement; and there being no proofs against the answer; and it likewise appearing on examining the book that the first parcel of goods was sold oh the account and risk of the complainant, we are of opinion that the weight of evidence strongly preponderates in favour of defendant; and that he can by no means be considered as a guarantee to the únanf for the *460 goods sold, and therefore he is not liable for any loss sustained by the insolvency of the persons to whom they were sold. It was ordered and decreed, that the defend dant assign over to complainant and deliver to his attorney the vouchers against the respective purchasers of the goods, on being indemnified; also that he account before the master for what monies he has received; that a com? mission of five per cent he allowed on such monies; and only two and one half, for the goods sold and not paid for; that a'reasonable allowance be also made for store hire; and lastly that the complainant do pay the costs of-this Suit.